JUDGE OF PROBATE *v.* JAMES P. WEBSTER & A.

In an action on a joint and several bond against all the obligors, the plaintiff cannot have judgment against all the defendants otherwise than jointly.

Where a judgment has been recovered in an action on such a bond against the three obligors, and debt is brought upon that judgment against one only of the three, the non-joinder may be pleaded in abatement.

Where a judgment has been rendered at a trial term of the Supreme Judicial Court, it is within the power of the court rendering the judgment to vacate it at a subsequent term for sufficient cause shown.

DEBT, on a probate bond. The action was entered, September, 1863, and defaulted, March Term, 1864, and judgment was rendered for plaintiff, September Term, 1864, and the judgment has not been satisfied. The bond, which is joint and several, the writ, and the judgment are made part of this case. At this term, on plaintiff's motion, the action was brought forward, and plaintiff moved to amend the writ and judgment as follows:

Whereas, this action was entered at the September Term of said court, 1863, when the parties appeared, and said action was continued to the March Term of said court, 1864, when the plaintiff again appeared, but the defendants, though each three times called, did not appear but were defaulted, and said action was further continued to the

September Term, 1864, when judgment was rendered for the plaintiff for the sum of five thousand dollars debt or damages, being the full amount of the penalty of the bond mentioned in the said plaintiff's declaration; and it was further considered that the said plaintiff have execution for the sum of five hundred and fifty-eight dollars and thirteen cents, being part of the penalty forfeited and for costs taxed at ten dollars and eighty-four cents, for the use of the plaintiff as aforesaid, in which judgment was entered up and execution issued January 10, A. D. 1866, for the foregoing last mentioned sums, which execution is returned in no part satisfied.   Now, at this term the said action, upon motion of the plaintiff therein, is brought forward, and it now appearing that the cause of action in said suit is a joint and several bond and obligation as appears by the copy thereof hereto annexed, and that the said James P. Webster, John V. Webster, and James A. Currier were each severally liable upon said bond, now, in order that the rights and remedies of the plaintiff may be fully preserved and maintained against the said James P. Webster, John V. Webster, and James A. Currier, and that he may not lose and be deprived of his security against them or either of them, but that he may effect a collection of said last mentioned amounts now due him according to the full meaning, intent and terms of said bond and obligation, jointly and severally as the circumstances of each or either of said parties will allow him, the said plaintiff now moves this honorable court to amend the writ, record and judgment in said suit as follows, to wit:

### Amendment of the Writ.

Insert the words "jointly or severally" after the words "county gentlemen," and before the word defendants, so that it shall read, "gentlemen, jointly or severally defendants."

Also, insert in the declaration in said writ the words "joint and several" after the words "by their" and before the word "bond," so that it shall read, "by their joint and several bond of that date," &c.

Also, insert the words "jointly and severally" after the word "themselves" and before the word "unto," so that it shall read, "bound themselves jointly and severally unto," &c.

### Amendment of the Record and Judgment.

Insert the words "or either of them," or the words "jointly and severally" after the words "recover against said defendants" and before the words, "the sum of," so that it shall read, "recover against the said defendants, or either of them, or jointly and severally, the sum of," &c.

GEO. W. CHAPMAN, Plaintiff's Attorney.

The court granted the motion to amend and defendants excepted.

The suits *Judge of Probate* v. *James P. Webster & Trs.; Judge of Probate* v. *John V. Webster & Trs.; Judge of Probate* v. *James*

*A. Currier & Trs.*, were three several actions of debt upon the judgment which was rendered in the suit upon said bond.

In each of these three cases the defendant pleaded in abatement the non-joinder of the other defendants named in said judgment. Plaintiff demurred to the pleas, the court sustained the demurrer, and the defendants excepted.

Plaintiff moved to vacate said judgment, and to amend the declaration in each of these three cases by adding a count on said bond. The court ruled that this motion should be granted if necessary, without terms, and the defendants excepted.

All papers relating in any way to the subject matter of this case, may be referred to in argument.

*Chapman* and *Carpenter*, for plaintiff.

*Westgate & Morse*, and *H. & G. A. Bingham*, for defendants.

BARTLETT, J.   Where a joint and several bond has been given, "it is at the election of the obligee to consider such a bond either a joint or several one.   If he sues one or each of the obligors, he acts upon it as a several bond.   If he sues all of them he acts upon it as a joint bond." 1 Wms. Saund. 291, g.; 1 Chitt. Pl. *43; Met. Yelv. 27 n.   Of course, in an action upon a joint bond there must ordinarily be a joint judgment; and in this case the plaintiff, by bringing the action on the bond against the three obligors, elected to treat the bond in that suit as joint, and in that suit judgment could not be entered against all the defendants otherwise than jointly; consequently, the amendment of the record of the judgment, for which the plaintiff moved, could not be granted.   As that amendment could not be made, and the declaration was then upon the judgment only, the demurrer to the plea in abatement should not have been sustained.   Com. Dig. "Abatement," F. 8; 1 Wms. Saund. 291, c. & d.; 1 Smith's L. C. (Am. Ed.) 485; *Valentine* v. *Gerard*, 2 Rich. 9.

It was undoubtedly within the power of the court, for sufficient cause, to vacate the judgment entered at the September Term, 1864; *Bellows* v. *Stone*, 14 N. H. 203; *Frink* v. *Frink*, 43 N. H. 508; *McClees* v. *Burt*, 5 Met. 200; *Stickney* v. *Davis*, 17 Pick. 170; and also to allow the amendment adding the count upon the bond; *Downer* v. *Shaw*, 23 N. H. 126; and as no question as to the propriety of the exercise of these powers in the present case has been reserved for our determination, we are not in a position to revise the ruling of the court at the trial term.   *Taylor* v. *Dustin*, 43 N. H. 495; *Smith* v. *Boynton*, 44 N. H. 530; *Bowman* v. *Sanborn*, 25 N. H. 87.   The motions to vacate the judgment and amend the declaration were granted "if necessary."   The plea in abatement must have prevailed if the motion to amend had not been granted; but the vacating of the judgment was not necessary so far as respects that plea or the amendment, upon which the questions then before the court arose, for the plea of a former recovery, if available here, is in bar.   1 Chitt. Pl. *485; 2 Saund. Pl.

& Ev. 610; Story's Pl. 179. Whether or not it might be necessary to the maintenance of these actions upon the bond to vacate the former judgment, (see 1 Chit. Pl. (11th Am. Ed.) *44, n.,) we do not now propose to inquire, for, should that question be material, it can be brought before us more regularly; and besides the questions before the court at the trial term seem to have arisen in reference to the plea in abatement. The first and second exceptions are sustained, and the third is overruled.