CHARLES SERVENTI, RESPONDENT, v. JOHN B. CELLA, JOSEPH A. CELLA AND CARLO D. CELLA, APPELLANTS.

Submitted February 11, 1927—Decided May 16, 1927.

For the appellants, *Carlo D. Cella* (*John W. Ockford,* of counsel).

For the respondent, *Edward A. Markley* (*Otmar J. Pellet,* of counsel).

The opinion of the court was delivered by

KALISCH, J.  There was a judgment entered in the Supreme Court upon a verdict directed at the Hudson Circuit, in favor of the plaintiff against the defendants, in an action brought by the former against the latter to recover a certain deposit of $1,000, together with a search fee of $150, with interest, which deposit was made with and paid to the defendants, by the plaintiff, at the time of the execution of a certain contract entered into between the plaintiff and the defendants, whereby the latter agreed to convey to the former certain real estate in the city of Hoboken, but made default, in that the defendants were unable to convey to the plaintiff a marketable title, as was agreed upon, in the said contract.

From this judgment the defendants appeal to this court.

The record discloses that according to the terms of the said contract the defendants agreed to deliver to the plaintiff

a certain deed containing the usual full covenants and warranty on March 15th, 1923. On that date a deed for the premises was tendered by the defendants to the plaintiff, which deed contained at the end of the description of the premises being conveyed the following clause: "Subject, however, to the terms of a certain agreement made between Michael Uhring and Louis Elleau, dated May 2d, 1878, and recorded in the Hudson county registrar's office, in book 322 of deeds, pages 690 (pages 30-40)."

The plaintiff refused to accept the deed because it contained the clause above quoted, whereas it was expressly provided by the agreement of the sale of the property that it was to be sold "free and clear of all encumbrances" and there was no such clause as quoted contained therein; and, secondly, the agreement to which the deed of conveyance referred and was made subject was an encumbrance and, therefore, made the title unmarketable.

It was conceded that the bill for the search fee was reasonable, and that there was nothing in the agreement of sale of May 22d, 1878, which made the sale subject to the agreement between Uhring and Elleau.

It is to be observed that the Uhring-Elleau agreement was made forty-nine years ago. The defendants derive their title from Uhring. The agreement referred to in the deed of conveyance, after reciting that Elleau had erected a building upon his lot, the northerly wall of which encroached upon the Uhring lot, then provided that the said wall should stand and be used by the parties of the agreement, as a party wall, so far as Uhring might see fit to use it as such. The agreement also granted to Elleau, his heirs and assigns, the right to have a window in each story of his building above the first story of the party wall and to enjoy the light and air therefrom so long as Uhring did not desire to use that part of his lot for the purpose of erecting a building thereon. The agreement also contained a mutual covenant that the parties thereto would desist and refrain from doing any act or thing to obstruct or hinder the full and free enjoyment of light and air, except by the erection, in good faith, of a building

or buildings upon the said lot. In view of this situation the plaintiff refused to accept the deed which was tendered and demanded back his deposit money, which was refused him. The plaintiff offered no other proof and rested his case.

There was a motion made on behalf of the defendants for a nonsuit, which was denied. The defendants adduced no testimony.

The trial judge directed a verdict in favor of the plaintiff and against the defendants, upon the theory that the party wall mentioned in the contract, together with the undertakings entered into by and between the parties in relation to windows, light and air, and all such privileges connected therewith, constituted an encumbrance, and, hence, the plaintiff was not required to accept the deed tendered, and was entitled to recover his deposit money, together with the outlay for search fees. This judicial action was erroneous.

Normally, a party wall is not an encumbrance. It was so held by this court in *Feder et al.* v. *Solomon et al.*, 3 *N. J., Mis. R.* 1189, in an opinion by Judge Newman, which opinion was adopted by this court. 103 *N. J. L.* 183. There was no circumstance appearing in this case which rendered it an exception to the application of the general legal rule enunciated in the opinion referred to. But whether the mutual easements of light and air constitute an encumbrance upon the property involved in the present litigation was a mixed question of law and fact, and would depend upon whether such easements still exist. It must be borne in mind that the contract between Uhring and Elleau was made in 1878, nearly fifty years ago, and under the agreement the owner of the Uhring lot was entitled to erect a building upon it which would close all the windows in the Elleau building, thus shutting out both light and air. It is quite likely that this was done many years ago. The testimony in the case does not enlighten us on the subject.

In the absence of any testimony tending to show that any window existed in the adjacent lot which had not been obliterated before the making of the agreement, it becomes quite apparent that there is a failure of proof of the existence of the easements mentioned in the contract. The burden of

proof rested upon the plaintiff to show that such easements or easement still existed in order to entitle him to a direction of a verdict in his favor, and this the plaintiff failed to do.

For the reasons given, the judgment is reversed and a *venire de novo* awarded.

*For affirmance*—PARKER, BLACK, WHITE, KAYS, HET-FIELD, DEAR, JJ. 6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, KALISCH, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, JJ. 9.

Application was made to the court for a reargument of this case and the motion for reargument was submitted on briefs at the February term, 1928, and on May 14th, 1928, the court filed the following *per curiam:*

For the respondent, *Collins & Corbin* (*Edward A. Markley* and *Otmar J. Pellett,* of counsel).

For the appellants, *Carlo D. Cella.*

PER CURIAM.

This case comes before us on a reargument had on a petition to that end, based upon the ground that the court in its decision overlooked the second point made in the brief of plaintiff-respondent in this court, namely, that the defendants-appellants, vendors, presented to the plaintiff-respondent, vendee, at the time of the closing of title a deed which was improper and not in accordance with the contract for the sale of the real estate.

An examination of the opinion filed in the case discloses that the court did not deal with that question, though the point had been made in the respondent's brief, as follows: "The contract of sale between the plaintiff and defendants provided as follows: 'The deed shall be in proper statutory short form for record, shall contain the usual full covenants

and warranty, and shall be duly executed and acknowledged by the seller, at the seller's expense, so as to convey to the purchaser the fee-simple of the said premises, free of all encumbrances except as herein stated.' "

The deed tendered by the appellants to the plaintiff contained this clause: "Subject, however, to the terms of a certain agreement made between Michael Uhring and Louis Elleau, dated May 22d, 1878, and recorded in the Hudson county registrar's office in book 322 of deeds, page 690."

The grounds of refusal to accept the deed were, first, that it contained the "subject clause" above quoted, and secondly, that the agreement referred to was in fact an encumbrance and made the title unmarketable. The reargument was had on the ground that the court had omitted to deal with the "subject clause" in the deed as above quoted, and not upon the ground that the court erred in holding that the agreement between Uhring and Elleau was in fact an encumbrance.

While it is true that the prospective vendee was not obliged to take the deed with the "subject clause" contained therein, it is quite clear his refusal to accept the deed was not based upon the "subject clause" alone, but because he also claimed that there were restrictions upon the property which made it unmarketable.

As to the latter contention, we have already decided that there was no proof of any restrictions existing on the property. This being the situation, the only question on the reargument for us to determine is whether the vendee was entitled to reject the conveyance solely upon the ground of the existence of the "subject clause" in the deed, without affording the vendors an opportunity to tender a deed in conformity with the clause of the contract.

The plaintiff's objection obviously went to the form of the deed. To meet that objection all that was necessary for the vendors to do was to delete the objectionable clause from the deed. As time was not of the essence of the contract, the vendors were entitled to a reasonable opportunity to obviate the objection made by the vendee to the form of the deed.

Moreover, as the plaintiff had announced his intention not to accept the deed because of the defect in the title of the de-

fendants to the property, there was no legal obligation cast upon the latter to make a tender. *Trenton Railway Co.* v. *Lawlor*, 74 *N. J. Eq.* 828; *Kastens* v. *Ruland*, 94 *Id.* 451.

For the reasons stated the judgment of reversal will not be disturbed.