SUPERIOR FINANCE CORPORATION, APPELLANT, v. JOHN A. McCRANE MOTORS, INCORPORATED, RESPONDENT.

Submitted May term, 1933—Decided October 19, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Feder & Rinzler*.

For the respondent, *Cohn & Kohlreiter*.

PER CURIAM.

This is an appeal from a judgment in the District Court. Forty-three specifications of determination with which the appellant, plaintiff below, is dissatisfied are filed, nine of which are argued.

The action was on a guaranty of a promissory note drawn to the order of J. A. McCrane Motors Company and endorsed and guaranteed by the latter and one Di Franko, not a party to this litigation.

There was a judgment in the court below in favor of the defendant. The defenses were in substance that the note had been paid and that it was accompanied by the conditional sales agreement of an automobile, the terms of which had not been complied with, and that recovery on the note was conditional thereon.

The points argued for reversal are in substance that the conditional sales agreement was irrelevant to the issue, that it was improperly submitted to the jury for consideration, and that there was no proof of payment.

We think both of these points are properly taken. As to the first, there was error in the instruction to the jury by the judge with respect to the effect of the conditional sales agreement as a defense to the action on the note. There was no proof showing that the note and the agreement, which were received in evidence, had any relation in a contractual sense the one to the other.

As to the second, the defendant's contention was that a clerk in the office of the plaintiff's attorney had agreed with the maker to compromise the amount due on the note, and that this released the guarantors. While there was proof of such an agreement there was no proof of authority in the

·clerk to make it, and it is well settled that an attorney having a claim for collection cannot compromise it except upon express authority of the client. *Watts* v. *Frenche,* 19 *N. J. Eq.* 407; *Trenton Street Railway Co.* v. *Lawlor,* 74 *Id.* 828; 71 *Atl. Rep.* 234. Much more would this be true when applied to the clerk of such an attorney.

For these reasons the judgment will be reversed.