THE CHANCELLOR OF NEW JERSEY, appellant,

v.

BARKER GUMMERE, administrator, respondent.

1. A judicial sale was made upon the conditions that the purchaser was required to pay down ten per cent. of his bid, and pay the remainder at a certain time; that if any purchaser should not comply with the conditions, then the property would be offered for sale a second time, and that the first purchaser would not be benefited by any advance, but would be held liable for all loss and expense incurred thereby.

2. A purchased a lot, paid ten per cent. of his bid, and failed to pay the remainder. The lot was resold for a sum in excess of the first amount, sufficient to pay the interest on the first bid and the expense of the second sale.— *Held*, that the first purchaser was entitled to be repaid the ten per cent.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Chancellor* v. *Gummere, 12 Stew. Eq. 582*.

*Mr. Gilbert Collins*, for the appellant.

*Mr. L. T. Hannum*, for the respondent.

The opinion of the court was delivered by

REED, J.

A sale was made by virtue of a decree in chancery, in a foreclosure suit. Isaac B. Parker purchased one of the lots so sold, for the sum of $9,900. He paid, at the time, ten per cent. of the price. He never paid the remainder. The property was resold to another person, who paid the sum of $10,500. The excess of the last over the first amount was more than sufficient

NOTE.—The opinion in this case was not obtained in time for its publication, at the last term, in its proper place.—REP.

to pay the interest upon the original price and the costs incurred by reason of the resale. The entire amount realized was insufficient to pay the mortgage debt.

Mr. Parker, the first purchaser, filed a petition in the court of chancery, praying that the ten per cent. of the original price should be repaid to him. The vice-chancellor before whom the matter was heard, held that the petitioner was entitled to this sum. I think that this conclusion was correct.

By the terms of the conditions of sale under which the first purchase was made, the purchaser was required to pay ten per cent. of the amount of the bid at the close of the sale, and to sign an acknowledgment of his purchase. It was also stipulated in the said conditions, that a deed would be delivered to the purchaser at a certain time and place, when the balance of the purchase-money would be required. It was still further stipulated that, in the event of any person purchasing at the sale and not complying with the conditions, then the property so struck off and sold to him would be offered for sale a second time, and the first purchaser would not be benefited by any advance, but would be held liable for all loss and expense incurred thereby.

It is perceived that no question is presented which involved a consideration of the posture of a person, who has paid a part and refused to pay the remainder of a bid at a judicial sale, when his rights and duties are undefined by any conditions of sale. The status of the petitioner in this regard is ascertained by the terms of the conditions under which his bid was tendered and accepted. And it seems to me that the terms of these conditions leave no room for conjecture as to the extent of the defaulting purchaser's liability.

It is observed that the terms of the conditions reserve to the officer the right to treat the first sale as a nullity, and expose the property for sale again in the event of a failure on the part of the purchaser to complete such sale by a payment of his bid.

On the other hand, the liability of the purchaser for such default is fixed with equal certainty.

It is made to depend upon the result of the second sale.

If the outcome of such resale is such that the complainants would be in a position where they would receive a less sum than if the first sale had been consummated, the first purchaser must make good the deficit.

If the second sale results to the advantage of the complainant, the first purchaser is to receive no benefit, and, by clear inference, is to suffer no penalty.

The express stipulation as to the contingency upon the happening of which he is to be held for any loss, and the limitation of his liability to the amount of the loss, excludes the notion that he is to be visited with damages in any other event or for any other amount.

There is no right to retain the amount paid by the petitioner, and the decree should be affirmed.

