FREDERICK H. SMITH, JR.,

*v.*

JOSEPH H. CUNNINGHAM et al.

[Decided July 24th, 1905.]

At foreclosure sale the written conditions signed by the purchaser provided that he should pay twenty per cent. of the purchase-money at the close of the sale, and sign an acknowledgment of purchase in accordance with such conditions, and in case of his failure to comply with the conditions the property should be resold, he to reap no benefit therefrom, but to be held answerable for loss and expenses occasioned thereby. The purchaser having failed to comply with the conditions and complete the purchase, and the sheriff having resold it at a loss—*Held*, that the deposit of the first purchaser is to be retained and applied on the loss.

On petition by complainant for payment of money in hands of sheriff. Heard on petition and affidavits, answer and affidavits.

*Mr. Louis A. Ziegler,* for the complainant.

*Mr. Thomas Anderson,* for the respondent.

EMERY, V. C.

This is a foreclosure suit, and on the execution the sheriff of Essex, on December 13th, 1904, sold the mortgaged property for $2,650 to the respondent, Zwetschkenbaum, who paid to the sheriff $540, the twenty per cent. of the purchase-money required by the written conditions of sale, which were signed by the purchaser. These contained the following conditions:

"*Second.* The purchaser will be required to pay twenty per cent. of the purchase-money at the close of the sale, and sign an acknowledgment of purchase in accordance with these conditions.

"*Fourth.* Any person or persons purchasing at this vendue and not complying with the foregoing articles and conditions, the property so

struck off and sold to him or them will be offered for sale a second time, and the first purchaser or purchasers to reap no benefit therefrom, but be held answerable for all loss and expenses occasioned thereby."

The purchaser failed to comply with the conditions and complete the purchase, and the property was resold by the sheriff on February 28th, 1905, to the complainant, for $1,850. This sale has been confirmed and a deed to complainant delivered. The amount of complainant's decree is over $2,800, and he now applies for payment to him on account of the decree of the money paid on account which is still in the hands of the sheriff. The purchaser opposes the application and claims repayment of the money to himself. There was no express provision for forfeiture of the deposit-money, and had the second sale resulted in a price sufficient to cover the bid on the first sale and the costs of both sales, with interest, there would have been no claim against the purchaser under the fourth condition, and in the absence of any provision for forfeiture, he would have been entitled to recover the deposit. *Chancellor* v. *Gummere, 39 N. J. Eq. (12 Stew.) 582* (*Vice-Chancellor Van Fleet*); affirmed on appeal, *40 N. J. Eq. (13 Stew.) 279* (*1885*). The conditions of sale in this case were similar, and Mr. Justice Reed, delivering the opinion of the court, says (at *p. 281*) that in case of sale for a less sum, the first purchaser must make good the deficit. Where the conditions of sale contain a provision for a resale and the determination of the amount of liability by this method, the sheriff is obliged to resell, and could not have brought an action for damages without such resale. *Webster* v. *Hoban, 7 Cranch 399* (*1813*), cited with approval by Mr. Justice Depue, in *Townshend* v. *Simon, 38 N. J. Law (9 Vr.) 239, 242* (*Supreme Court, 1876*). The purchaser claims that, as the sheriff elected to rescind the first sale and made a second sale, the first sale is altogether abandoned and the deposit-money which had been paid on the first sale becomes, by this rescission and resale, the money of the purchaser, as there is no sale on which it can be applied. This contention ignores, as I think, the obvious intention of the conditions. The deposit when received was received under the second condition, as part payment of the purchase-money of the first sale, but it was also received

under the fourth condition, providing the method for ascertaining the damages which would result if the purchaser defaulted, and one object of the resale was to ascertain this amount. A stipulation for resale of the character contained in condition 4 is considered as a security for the fulfillment of the agreement to purchase, and after a resale in pursuance of it an action at law may be maintained by the sheriff. In such action the measure of damages is the difference between the defendant's bid at the first sale and the sum realized at the resale, together with the costs and expenses of the resale, and the money recovered is held by the sheriff for the benefit of the parties interested. *Townshend* v. *Simon, 38 N. J. Law (9 Vr.) 239, 242, 246 (Supreme Court, 1876)*. For the purpose of ascertaining under this condition the damages by reason of the purchaser's failure, the amount of the deposit must be accounted for and credited. In such action for damages a credit of the deposit must be made in order to ascertain the deficiency, even if there is an express provision for forfeiture of the deposit, so that it could not be recovered back. The deficiency or loss for which the defaulting purchaser is considered liable is in such cases held to be the difference between the balance of the purchase-money on the first sale (after giving this credit) and the amount of purchase-money obtained by the second sale. *Ockenden* v. *Henly, El., B. & E. (96 Eng. Com. L.) 485, 493 (1858)* ; *Bailey* v. *Dalrymple, 47 N. J. Eq. (2 Dick.) 81 (Vice-Chancellor Pitney, 1890)*. A fortiori must credit be given for the deposit in an action for damages where there is no provision for its forfeiture but there is a provision for resale.

Under condition 4, the resale, in case of a deficiency, is, by agreement of the parties, made on account of the defaulting purchaser, and is not to be considered as if it were merely an act of the officer or vendor rescinding the first sale for all purposes. The right under this stipulation to retain the deposit for credit on the purchaser's account, in case of loss on resale, differs from that of a vendor of real estate who resells after receiving a deposit under a contract not expressly providing for forfeiture of the deposit or resale for purchaser's account, and the vendor's situation, with such stipulation for resale, is simi-

lar, as it seems to me, to the familiar one of a seller of personal property who has received a payment on account, when the buyer subsequently defaults and refuses to receive the property. The seller here is entitled, without any express stipulation, to sell for the purchaser's account, and recover the loss resulting after crediting the payment on account, and this is an ordinary method of fixing the damages or loss for the default on agreement to purchase personal property. The reason the deposit cannot be always so applied on a resale of real estate is because of the equitable doctrine that the vendor of real estate, to the extent of the purchase-money paid, is, under ordinary contracts, a trustee of the lands for the vendee, and in the absence of any provision for forfeiture of the deposit, or resale on the purchaser's account, has the right to retain the purchase-money paid only on the condition of retaining the property to carry out the sale. *Hoagland* ads. *Hall, 38 N. J. Law (9 Vr.) 350, 355 (Supreme Court, 1876)*. By this express contract of the purchaser for resale and liability for loss thereon, and the absence of any provision for a return of the deposit-money in case of a loss, the sheriff is entitled and bound to hold it as a credit or allowance in making up the loss.

In *Shann* v. *Jones, 19 N. J. Eq. (4 C. E. Gr.) 251 (Chancellor Zabriskie, 1868)*, a deposit made under similar conditions of sale was directed to be credited on account of the complainant's decree, but the case was argued mainly on the special circumstances relating to the receipt of this sum, and the point now raised was not debated. In *Winants* v. *Traphagen, 66 N. J. Eq. (21 Dick.) 455 (Court of Errors and Appeals, 1904)*, upon the purchaser's default the deposit was impounded by order of the court for the benefit of complainant, to meet any deficiency on resale, and the correctness of this practice was assumed (at *p. 456*), although the question now raised was not expressly decided.

As the conditions of sale now involved are those which have long been used in many counties on sales by sheriffs and other officers, I have considered the question as if it might not be concluded by the decision in *Shann* v. *Jones* or *Winants* v. *Traphagen.* An order will be advised directing payment by the

sheriff to the complainant. There is no substance in the respondent's claim that he is entitled to be relieved from the contract and to recover the deposit, on the ground of alleged mistake in reference to the character of the property. If any mistake occurred, neither the complainant nor his solicitor were at all responsible for it.