Bill for specific performance. The defendant, Llewellyn company, contracted to buy the tract of land involved from the Dare estate, title to pass July 2d 1923. It agreed to sell it to Scanlon, complainant's assignor, for $10,000, of which $2,000 was paid down, subject to a mortgage of $10,000, title to pass on the same day, provided title was obtained from the Dare estate. The Dare estate was not able to make title, owing to inheritance tax complications, until August, when the time for closing was set by the defendant for September 6th, which was not agreeable to the complainant, because it was not in sufficient funds. The defendant then fixed the time for September 28th; the complainant was not ready, but promised to be on October 10th, and, as it said, "seeking no further adjournment from that date." The defendant extended *Page 499 
the time until October 10th, and placed its deed to the complainant in escrow with the Fidelity Union Trust Company, to be delivered on that date upon the payment of the balance of the consideration price, $7,000, and it was stipulated in writing that, in case the complainant defaulted, the deed was to be returned the next day, and "the party of the first part [defendant] will thereby be relieved of any and all responsibility." On October 10th the complainant could pay only $3,250, and the defendant agreed to take a not for sixty days for the balance, $3,750. The note was made by Joseph V. Lupo, an incorporator of the complainant, who had failed to pay his stock subscription. The complainant was incorporated for the purpose of taking the title, and depended upon its stock subscriptions to pay the consideration price. The note was dishonored. On the 17th of the month the note was taken up by a check of $2,000 and the check of Lupo for $1,750, with the understanding that the $2,000 check was not to be used unless Lupo's check was honored. It was not. It was sent for certification four or five times and returned always with the answer "not sufficient funds." Repeated demands were made of the complainant, verbally and in writing, to pay, but to no avail. On January 7th, 1924, the defendant wrote the complainant that it was taking steps to demand the return of the escrow deed. On the 9th the complainant pleaded for more time, to which the defendant replied that it would hold the matter open until Friday (11th) at noon time, and if the balance was not paid by that time it would consider the transaction entirely closed once and for all. On the 11th the deed was demanded, and it was returned by the trust company on January 14th. The trust company at the same time sent to the complainant the checks for $2,000 and $1,750, and advised that the deed had been returned. Two days later the complainant's Mr. Scanlon asked more time, offering to pay $2,000 in cash and give a mortgage on the property for $1,750. This was declined, the defendant offering to arrange equitable terms for the return of the purchase-money. The defendant's attitude was later confirmed by letter. On the *Page 500 
21st or 22d the complainant tendered the balance in cash, which the defendant refused, and, in turn, submitted terms for the repayment of the purchase-money, which the complainant agreed to consider. The bill was filed January 29th, and alleges, interalia, that the time of performance was by mutual consent extended to January 21st. That is not true. The answer, interalia, sets up that the defendant abandoned the contract. That, also, is not true in fact.
The principal contention of the complainant is that time was not of the essence of the contract, and that the final call to perform was too abrupt. Time was not expressly made the essence of the contract, but that it was of essence is inferable from the circumstances. The defendant had made a contract to purchase the land, which, in effect, it turned over to the complainant at a slight profit. The conveyances to and from it were to concur. Its purchase price was to be supplied by the complainant, and that it was to be timely furnished was essential to the defendant's due performance of its contract with its vendor. Prompt performance was waived, but time was again made of the essence by the extension to October 10th, and again by the extension to December 10th, and again by the extension to January 11th. King v.Ruckman, 20 N.J. Eq. 316; Bullock v. Adams, 20 N.J. Eq. 367;Newark v. Lindsley, 114 Atl. Rep. 794. It was the privilege of the defendant to put an end to the contract on any of these occasions. This it chose to do January 11th. Tender of performance thereafter was properly rejected. Doctorman v.Schroeder, 92 N.J. Eq. 676.. The forbearance of the defendant does not imply that time was not essential. Graciously extending the time of performance over and over again was not a license to presume on good nature. The defendant waited long and patiently after December 10th and very properly refused to go further than the last call, January 11th. The halt was not abrupt or unreasonable. The principle of Orange Society of New Jerusalem
v. Konski, 95 N.J. Eq. 254, cannot be applied.
The bill will be dismissed upon refunding the purchase-money. Adjustment to be made upon presentation of the decree. *Page 501