The petitioner, Lillian Bennett, asks for the return of $11,654.55, concededly paid by her to the receiver of the insolvent defendant corporation on account of the purchase price of its assets for all of which she had been the successful bidder at a sale which he conducted pursuant to the order of this court.
The facts necessarily entering into the proper determination of the petitioner's application are all undisputed and appear to be: that, pursuant to an order of this court, the receiver of the defendant corporation conducted a sale of all of its assets, at which the petitioner was declared to be the successful bidder, she having bid the sum of $45,000, of which $9,500 was paid down by her pending the confirmation of said sale by this court and which confirmation subsequently ensued; that the date specified for the consummation of the sale was, from time to time, extended by mutual consent of *Page 608 
the parties, and finally, by order of this court, until April 2d 1934, the petitioner having in the interim made additional payments, the aggregate amount of which was the sum of $1,554.55; that prior to April 2d 1934, the accredited representatives of the United States government interposed and asserted on its behalf a lien in the sum of $200,000 upon all of the said assets for income taxes allegedly due from and unpaid by the defendant corporation, and by reason of which the petitioner thereafter declined to consummate the agreement of sale, with the result that a resale was duly ordered and at which the receiver realized the sum of $45,000 for all of said assets.
It is a principle of almost equal antiquity with that of the court itself that the exaction of a penalty or the declaration of a forfeiture is regarded with disfavor by this court. This salutary principle undoubtedly finds its origin in the equitable doctrine that wherever the penalty or forfeiture is employed merely as a means of securing a monetary payment or the performance of some act, equity will regard such payment or performance as the real thing contemplated by the parties to the transaction, and the penalty or forfeiture as a mere incident or accessory thereto.
With all the more force and reason does this doctrine become applicable to a transaction wherein the court itself, through its duly appointed representative, is a party. Such transactions should always be so construed as to work neither an oppression nor an injustice. Chancellor v. Gummere, 39 N.J. Eq. 582;affirmed, 40 N.J. Eq. 279; Smith v. Cunningham, 69 N.J. Eq. 622.
Certainly, in the absence of a provision to the contrary, the penalty to be visited upon an unfortunate defaulting purchaser at a judicial sale, other than exacting indemnity against any loss or damage resulting from his default, should — in the language of Vice-Chancellor Backes in Merchants andManufacturers National Bank v. Newark Rubber Co., 98 N.J. Eq. 477,
a case quite similar to the one at bar — "not be pursued beyond withholding from him the benefit of his bargain."
Here the assets, pursuant to the order of this court, were *Page 609 
resold to another person, who paid the sum of $45,000, exactly the amount which the petitioner had undertaken to pay therefor. Consequently, she is entitled to the return of the money which she has paid to the receiver on account of the purchase price of said assets, less, however, all costs and charges necessarily incurred by the receiver in connection with the resale and the maintenance and preservation of the assets from April 2d 1934, up to the date of their conveyance to the new purchaser, and in addition thereto the interest on the unpaid balance of the original purchase price. Unless the parties are able to agree upon the amount of these items, there will be a reference for their determination. An order will be made accordingly.
 *Page 1