WATTS *vs.* FRENCHE and others.

19   407
58L  312

1. A promise to accept part of a debt already due, in payment of the whole, if paid by a certain day, is without consideration and void, as *nudum pactum;* and if such promise was not void at law, it would not be enforced in equity, where the object in agreeing to accept a less sum was payment before it could be collected by suit, if the payment was not made or tendered at the time stipulated.

2. A solicitor has no right to accept a part of a debt in payment of the whole, without express authority of his client; and his receipt for it as payment in full, when given without authority of his client, and that fact was known to the debtor, will be treated as a nullity.

This matter was submitted on depositions, without argument or brief on either side.

THE CHANCELLOR.

The application is on the part of Mary Frenche, to compel the sheriff of Sussex county to deliver to her a deed for lands sold to her by virtue of the *fieri facias* in the above suit. She claims the right to have the deed delivered, without paying the amount of her bid. The lands in question were included in the mortgage held by Anna Watts, the complainant, and also in a mortgage given by Frenche and wife to Cooper &

Hewitt as part of the purchase money of the tract in question, conveyed by Cooper & Hewitt to Frenche. At the purchase, Frenche assumed the payment of the mortgage held by the complainant. Cyrus Peck had purchased both mortgages, pending the foreclosure, and, on the 31st of August, 1866, made an agreement with Frenche that he would accept $4336, in payment of $4672, due on the mortgages—to be paid, $1000 in two months, $1336 by the 1st day of May, 1867, and the remaining $2000, August 31st, 1868, each payment to be with interest at seven per cent. Peck agreed, if Frenche should desire it, to assign the mortgages, when paid, to Mrs. Frenche. Frenche made payment to Peck, as follows: $1030, February 22d, 1867; $300, April 2d, 1867; and $500, May 14th, 1867. Peck, in consequence of Frenche's failure to pay, ordered the foreclosure to proceed. Afterwards, January 31st, 1868, Frenche and Peck met at the office of D. Thompson, and Peck agreed that he would still accept the amount due, less $336, as payment, Frenche, to pay $1000 cash down, and the residue on the 1st of May then next. Mrs. Frenche paid $750, February 7th; $250, February 28th; $700, April 29th; and nothing more being paid, the sheriff was ordered to sell. On the day of sale, Mrs. Frenche paid to D. Thompson, the solicitor of Peck, $1194.71, the amount due on the mortgages if the abatement should be made, and $158.31, the costs taxed on the foreclosure. The property was then struck off by the sheriff to Mrs. Frenche, for $1000. Thompson told the sheriff that he would arrange the debt with Mrs. Frenche, and that the sheriff would only receive from her the sheriff's costs, and the cost of deed.

Thompson gave Mrs. Frenche a receipt for the sum last paid him, as in full of the mortgage debt. He had no authority from Peck to accept it as payment, and told Mrs. Frenche at the time, that Peck insisted that he was entitled to the whole, on account of their failure in payment, and that he doubted whether Peck would accept it; that if he accepted it, all would be right. Peck refused to accept it, and de-

mands that the whole debt be paid before the deed is delivered.

The petitioner, Mary Frenche, supposes that by virtue of the receipt in full from Thompson, she has a right to the deed without payment. This receipt, under the circumstances, is of no validity to pay $336, with the interest, if that was then due. Both parties admit that the money was not paid. Thompson did not pretend authority from Peck to compromise his claim by giving away part of it; he did not agree for Peck, or on his own behalf, that Peck should abandon and give away part of his debt. The receipt does not amount to an agreement, or to a release of the claim. It was given under the hope that Peck might again relent, and consent to this abatement of his claim.

The previous agreements of Peck were both made upon terms that were not complied with, and had they been binding, he would have been released from them. They were not binding, either at law or in equity, as made without consideration. An agreement by a creditor, to accept part of a debt as payment of the whole, is *nudum pactum* and void. Were it otherwise, a promise by a creditor that he will accept a less sum at an early day, to avoid delay and litigation, would not be enforced, unless upon payment as stipulated. This is in no sense a forfeiture; the only consideration for the abatement, is punctual payment. It is no more a forfeiture than to withhold the wages of a laborer who does not come to his work. Wages are only due in consideration of work, and here the abatement was only due in consideration of prompt payment at the time agreed.

The order must be refused.