Dickerson *v.* Hodges.

ADRIAN DICKERSON

*v.*

JAMES W. HODGES.

1. A disclaimer being intended to operate as a release, must be signed by the defendant himself, and his signature attested by some person competent to be a witness. It need not be signed by counsel, nor be put in under oath.

2. A solicitor has no authority, under his retainer, to surrender any substantial right of his client without his client's consent.

On motion to dismiss as to a disclaiming defendant.

*Mr. R. T. Stout*, for motion.

*Mr. Frank Durand, contra.*

VAN FLEET, V. C.

This is a foreclosure suit. The bill was filed January 21st, 1887. John F. Hawkins was made a defendant, because in April, 1885, he procured a writ of attachment to be issued out of the Monmouth county common pleas against the owner of the equity of redemption of the mortgaged premises, under which her interest therein was attached. Mr. Hawkins has answered, admitting the issuing of the attachment and the seizure made under it, but says, that the debt on which the attachment was founded, was paid on the 29th of June, 1886, and the suit discontinued. Mr. Hawkins also files a disclaimer, disclaiming all right, title and interest, legal and equitable, of, in and to the mortgaged premises, and every part thereof, and asks that the bill, as to him, be dismissed, with costs. His disclaimer is signed by his solicitor, but not by counsel, nor by himself in person, nor is it under oath.

The complainant moves, under paragraph 224 of the rules, to strike out the disclaimer on three grounds: first, because it is not signed by counsel; second, because it is not under oath; and third, because it is not signed by the defendant in person, and

attested by a person competent to be a witness. The rule upon this subject, as given in Smith's Practice, is as follows: " A disclaimer, being accompanied with an answer, is put in upon oath. It must also be signed by the defendant, and in no case can such signature be waived with propriety, since no record will be received without signature, which tends· to the prejudice of the rights of the defendant." *1 Smith's Ch. Pr. 275.* Mr. Barbour states the rule in substantially the same words. *1 Barb. Ch. Pr. 171.* And Mr. Daniell says, the court may give a defendant leave to file a disclaimer without oath, but not without signature, and that when a disclaimer is filed without oath, the defendant's signature should be attested by some person competent to be a witness. He also says, that it must be signed by counsel. *1 Dan. Ch. Pr. 407.*

The signature of counsel is not necessary. All pleadings in equity, according to the practice in England, must be signed by counsel, but the rule is different in this state. The signature of counsel is only necessary when required by statute or an established rule of practice. An answer is sufficient if signed by a solicitor, or by the defendant himself. *Freehold Mutual Loan Association* v. *Brown, 1 Stew. Eq. 42.* Nor is an oath necessary in cases where the complainant has, as in this case, waived his right to compel the defendant to answer under oath. A disclaimer is regarded as in the nature of an answer, and is, therefore, to be put in under oath when the defendant is required to answer under oath, but not otherwise. This is apparent from Mr. Smith's statement of the rule. He says, " A disclaimer, being accompanied with an answer, is put in upon oath." There seems to be no other reason for requiring an oath. But a pleading of this kind is manifestly intended to have an effect which an answer does not ordinarily have. It is intended to operate as a release. An oath is not necessary to the due execution of such an instrument, but the signature of the party is. Under the authority conferred by a retainer, a solicitor has no authority to surrender any substantial right of his client. A solicitor cannot give up the security of his client without actual payment, unless he is specially authorized to do so. *Terhune* v. *Colton, 2*

*Stock. 21.* Nor can he accept payment of a part of a debt in satisfaction of the whole, without like authority. *Watts* v. *Frenche, 4 C. E. Gr. 407.* And, while an attorney or solicitor may make valid agreements relating to the conduct of · a suit, yet, even in such matters, he cannot surrender a substantial right of his client, without his client's consent. *Howe* v. *Lawrence, 2 Zab. 99.*

A disclaimer being intended to operate as a release, there is manifest propriety in the rule requiring that it shall be signed by the defendant himself, and that his signature shall be attested. Such requirement is necessary for the due protection of both parties, and simply puts such transactions, occurring in the course of a suit, on the same footing as like transactions occurring outside of a judicial proceeding.

The complainant's motion should prevail, unless the defendant shall ask leave at once to amend.