The complainant, Nellie T. Kelleher, filed her bill against the defendant George H. Bragg, to compel specific performance of what she contends to be a contract to convey to her certain real estate situate in the city of Jersey City, which reads as follows:
 "Jersey City, N.J. Feb. 2nd, '21.
RECEIVED from N.T. Kelleher $100.00 as deposit on property known as 2709 and 2711 and 2713-2713a Boulevard, price to be $31,000. Terms to be $3,000 cash, balance to remain on mortgage, 1st mortgage of $12,000 to be assumed by purchaser, mortgage held by Carteret Trust Co., otherwise mortgage to be arranged by purchaser.
Signed, this 2nd day of Feb., 1921.
 GEO. H. BRAGG, N.T. KELLEHER.
Witnesses by A. Black."
Miss Kelleher conducted a real estate business in Jersey City through the medium of the Boulevard Realty Company, a corporation. A short time prior to the making of the memorandum upon which the suit for specific performance is based, Bragg executed the following document:
 "Jersey City, N.J. Jan. 15, 1921.
I hereby agree to give the Boulevard Realty Co. the privilege of selling property known as 2709, 2711, 2713 and 2713a Boulevard. Giving them the exclusive right and agency to sell same and price to be $35,000 and commission to be paid to the Boulevard Realty Co. Said privilege to extend for thirty days. Terms to be $3,000.00 cash and balance on mortgage.
Signed GEORGE H. BRAGG.
 ALLIE BLACK, Witness." *Page 27 
Miss Kelleher testified that she endeavored to sell the property in accordance with the authorization of January 15th, 1921, but was unsuccessful, and she thereupon made Bragg an offer to purchase the property herself in accordance with the terms set forth in the memorandum of February 2, 1921.
Bragg, however, testified that he understood that the property was being sold to Mrs. Driscoll, whom he desired to have it, and that he did not know that Miss Kelleher was to become the purchaser. Mrs. Driscoll claims that whatever Miss Kelleher did with respect to the purchase of the property from Bragg, was done by Miss Kelleher in Mrs. Driscoll's behalf, and as her agent, and for her benefit, and she therefore, filed her bill to establish a resulting trust in her favor as to the property in question, in the event that specific performance be decreed in favor of Miss Kelleher as against Bragg; but Mrs. Driscoll's testimony in this respect is not positive, and, on the other hand, seems to indicate that she never concluded to bind herself to take the property. And Miss Kelleher denies that she acted for Mrs. Driscoll in the purchase of the property, and asserts that Mrs. Driscoll refused to go into the transaction with her.
Bragg testified that he is about fifty-one years old, but he is not certain as to his age, and the indications are that he is much older than he states himself to be. His demeanor and actions also indicate a feeble condition of mind; he is far from being mentally alert. Miss Kelleher has very much the superior intellect.
Aside from the contract itself, which is but a memorandum in the form of a receipt, and which Bragg denies having agreed to, although he admits having signed it, the evidence in the case is limited to that of the three parties to the respective suits, viz., Nellie T. Kelleher, Elizabeth Driscoll and George H. Bragg; each one tells a different story, and each endeavors thereby to obtain the advantage of the other with respect to the property involved, which has doubtless increased materially in value since the alleged transaction took place.
Bragg paid $32,500 for the property when he bought it, *Page 28 
at a time when real estate values were much lower than at present. He gave Miss Kelleher's realty company the privilege of selling the property for $35,000, and she and her company were his agents to obtain a purchaser to his best advantage. She had her office in the building sought to be sold, and she desired to remain there, and negotiated with Mrs. Driscoll for a ten years' lease in the event that Mrs. Driscoll should become the purchaser of the property.
Miss Kelleher testified that she offered the property for sale to several persons, but was unable to recall more than one. She also testified that she advertised the property for sale, but did not specifically identify it in the advertisement This, she stated, was customary in the trade.
Bragg testified that Miss Kelleher told him that Mrs. Driscoll had purchased the property finally for $31,000, and had left the memorandum and a check for $100 on account for him, but when he spoke to Mrs. Driscoll about it, Mrs. Driscoll stated that she had not made the memorandum or the check. He thereupon refused to cash the check and said that he never would have received it from Miss Kelleher had he realized that it was hers and not Mrs. Driscoll's. He desired Mrs. Driscoll to have the property because of old friendship, and because she had said that he could always have a room in it for himself. Mrs. Driscoll appears never to have taken any steps to assert her alleged rights either as against Miss Kelleher or Bragg until after the suit for specific performance was commenced by Miss Kelleher.
Specific performance is a remedy within the sound discretion of the court, and should not be granted unless the right ant has the burden of proof in establishing her right to thereto is clear and conclusively established. The complain-specific performance, and, under the circumstances of this case, I do not feel that she has sustained the burden.
Taking the testimony as it stands, she, or her realty company, was the agent of Bragg to sell the property, and she should have exerted her best efforts in Bragg's behalf to accomplish a sale advantageous to him. If what Mrs. Driscoll *Page 29 
says is true, Miss Kelleher was also acting in her behalf as a purchaser, and under those circumstances she would be bound to use her best efforts in order to accomplish the most advantageous results to the purchaser. This is a position which a court of equity does not look upon with favor. And Miss Kelleher appears to have gone one step further than is usual in such a situation, and became the purchaser herself, which, according to the claim of Bragg and Mrs. Driscoll, left them both high and dry.
In addition to this, it must be borne in mind that Bragg's enfeebled mental condition made it easy for the superior intellect to take advantage of him, and he had no advisor except Miss Kelleher, who, as his agent, occupied a fiduciary relationship to him.
I am therefore constrained to refuse to grant specific performance to the complainant Nellie T. Kelleher, and to dismiss her bill. It follows that the bill of Elizabeth Driscoll must also be dismissed.
I will therefore advise a decree in accordance with these views.