Benjamin A. Koehler died October 16th, 1925, and on the 29th day of that month the surrogate of Essex county admitted his will to probate. John Jacob Koehler and Julius F. Koehler, non-resident nephews, appealed to the orphans court, April 24th, 1926, from the probate. Under date of July 31st, 1926, a firm of lawyers, which had been retained by the Koehlers, filed a withdrawal for each, stating that he, naming him, "hereby withdraws his petition of appeal heretofore filed by him," c. The withdrawals were signed by the proctors, and thereupon the appeals were dismissed by an order entered August 6th following. On October 29th following, promptly after discovery, the nephews filed a petition, supported by proofs, setting up that the withdrawals were filed without their knowledge and consent, and, upon a rule to show cause on the interested parties, the court vacated the *Page 134 
order dismissing the appeals and reinstated them; tried the cause and denied probate. The vacating order bears date November 19th, 1926, but appears not to have been filed until April 22d 1927. The executrices appeal on the ground that the orphans court was without jurisdiction to re-instate the appeal after the term had expired; that the court acted without sufficient cause, and that the motion to vacate the order of dismissal was made after the time limited for taking an appeal.
(1) It is the accepted doctrine in most jurisdictions that as a general rule a court has no power after the expiration of the term at which a final judgment is rendered to open or vacate it, but our court of errors and appeals, in Assets DevelopmentCo. v. Wall, 97 N.J. Law 468, held that a judgment may be vacated at any time while the cause remains under the control of the court, provided the moving party embraces the first opportunity he has of presenting his case. The rule, strictly, is appropriate only to final judgments in controversial causes, and rests on the theory that during the term judgments are infieri, in the breast of the judges, and in that time they may make a new decision, reverse or modify their views on the merits, and that after the term the record alone speaks. Judgments by confession or default are exceptions to the rule; they remain indefinitely within the court's control, apparently, because the causes are uncontested and never reach the "breast of the judges." 15 R.C.L. 659, 668 and 691; Bredin's Appeal, 92 Pa.St. 241; Penna. Stave Co.'s Appeal, 225 Pa. St. 178; ProbateJudge v. Webster, 46 N.H. 518. And so with judgments in rem.In re Rochester, 36 N.Y. 85; Campau v. Coates, 17 Mich. 235;Vanderberg v. New York, 7 N.Y. Supp. 675. And judgments obtained by imposition are not within the rule. 15 R.C.L. 704.
It is common practice in this state to open and vacate default judgment or judgments by confession after the term. Cooper v.Galbraith, 24 N.J. Law 219. An order dismissing an appeal is not a type of judgment embraced within the rule of the common law. A writ of error was reinstated by the court of errors and appeals after the term. *Page 135 Engle v. Cromlin, 21 N.J. Law 561. The supreme court, inHowell v. VanNess, 31 N.J. Law 443, held that the power of the court of common pleas to reinstate an appeal, for good cause, after the term, was clear. See, also, Fisher v. Perrine,62 N.J. Law 643. The order dismissing the appeal having been mistakenly entered upon the unwarranted assumption of authority of the counsel, the orphans court did not lose control of the cause or its power to correct the mistake. The court is one of general jurisdiction within a limited sphere of the law, and while its power to reinstate an appeal may not be absolute, as it is in the higher courts, its right to exercise the power, in or out of term, when based on valid grounds, such as are here presented, is undoubted. Chancellor Walker, evidently had no misgivings in deciding In re Hathorn, 94 N.J. Eq. 371, as to its control over its records after the term.
(2) The orphans court was justified in reinstating the appeal. The proctors had no authority to enter the withdrawal without the consent of their clients. An attorney cannot waive a substantial right of his client without his consent. Howe v. Lawrence,22 N.J. Law 99; Dickerson v. Hodges, 43 N.J. Eq. 45; Phillips v.Pullen, 50 N.J. Law 439; Trenton Street Railway Co. v. Lawlor,74 N.J. Eq. 828.
(3) Assuming that it is applicable, and therefore adopting the practice of the court of chancery, that a motion to vacate a decree must be made within the time limited for taking an appeal, except in case of newly-discovered evidence (Watkinson v.Watkinson, 68 N.J. Eq. 632) the motion to vacate the order of dismissal was timely. Section 204 of the Orphans Court act (Comp. Stat. p. 3889) limits the time of taking an appeal to three months.
The order of the orphans court is affirmed. *Page 136