The complainants agreed to purchase defendant's "Caldwell" theatre building on the northerly side of Bloomfield *Page 62 
avenue, Caldwell, and the defendant covenanted "that there are no encroachments thereon" on the land. The complainants seek to rescind the contract for breach of the covenant and the return of the down-money, claiming that the building to the east encroaches eighteen hundredths feet, or slightly over two inches, at the street line and eleven hundredths feet in the rear. The property involved, all but two inches on the east, once was owned by one Dean; that to the east, including the two inches, by Mr. Peck. The division line of these properties — the Dean-Peck line — was fixed by survey for Dean, with the acquiescence of Dr. Peck in 1913, and is established with certainty by the surveyor who made that survey and by four others, two of whom had located it for the defendant prior to this litigation; and all of them testify that the encroachment exists. A sixth, called by the defendant, is not in agreement with them, but even he looks upon the data of Mr. Provost's survey in 1913 as a dependable guide.
There is also this significant conduct evidence supporting the conclusion of the five as to the encroachment. After the defendant had built its theatre, one of the five surveyors discovered that the rear of its building encroached on the then vacant lot to the east two inches; the front, at the street line, was within the boundary of the lot. To correct this the defendant purchased a two-inch strip the entire length of the lot. The descriptions in the deeds for the defendant's lot and for the strip all tie to the Dean-Peck division line, and by the purchase of the two-inch strip of the Peck lot the defendant acknowledged its true location. When Lasser, now the owner of the Peck lot, put up a building in 1926, he built it flush with the defendant's building and over the two-inch strip.
A dispute over a two-inch encroachment would ordinarily seem trifling, but the materiality of the present encroachment is emphasized by the contract, to convey, by metes and bounds, the two-inch strip free of encroachment. The complainant is entitled to recover. Goldstein v. Ehrlick, 96 N.J. Eq. 52. *Page 63