GIACINTO POZZI et al., complainants,

*v.*

HENRY SHENIER et al., defendants.

[Decided March 10th, 1932.]

*Messrs. Carey & Lane,* for the complainants.

*Messrs. Morrison, Llyod & Morrison,* for the defendants.

LEWIS, V. C.

Complainants bring this suit to compel specific performance of a contract of exchange of properties. The other party to the contract is dead, but is represented by the defendants. Defendants contend that this relief should be denied because of an encroachment upon the parcel in question by a building upon an adjoining plot.

The property in question fronts on Bergenline avenue, West New York, and the lot has a depth of some one hundred and twelve feet. On the lot is a building of which the rear wall facing the encroachment, comes within approximately three inches of the full depth of the lot as described in the contract. Occupying part of this space is a substantial wall, constituting part of a two-family house on the adjoining lot. It is the projection of this wall for perhaps two inches over the line which constitutes the encroachment. The lot consists of some five thousand six hundred square feet, and surveys made by the parties show that the encroachment occupies from slightly less than one to slightly over two square feet.

The valuation placed on the tract by the contract was $20,000 including the building. Doctor Shenier, who contracted to take the property in exchange, had inspected it, and therefore knew the size of the building on it and of the existence of the adjoining wall, although doubtless he was ignorant of the encroachment.

The sole question is as to whether such an encroachment justifies the defendants in refusing to take title. I do not consider that they are so justified. The encroachment is a trifling one, which decreases the value of the property only to a microscopic degree. Without the encroachment there would be an empty space of approximately three inches at the back of the lot. This space is of no present use, and will' be of no future use, except on a rebuilding after destruction of the present building. This suit comes within the principle laid down by Vice-Chancellor Pitney in *Van Blarcom* v. *Hopkins, 63 N. J. Eq. 466* (at *p. 478*), that the purchaser saw what he was buying and would still have bought had the true quantity been stated.

It will be noted that in this suit the contract contained no express covenant against encroachments running to Doctor Shenier. Where there is such a covenant the courts hold that violation of such an express covenant prevents specific performance. In *Herring* v. *Esposito, 94 N. J. Eq. 348,* the court says:

"A court of equity, of course, would not permit a vendee to break his contract for some immaterial defect, or one that can be properly compensated against, in the absence of express stipulation or agreement * * * I want to expressly point out that this case is entirely distinguishable from *Van Blarcom* v. *Hopkins, 63 N. J. Eq. 466; Scheinman* v. *Bloch, 117 All. Rep. 389,* and all other cases in which this specific clause is not contained."

In *Jawitz* v. *Caldwell, 103 N. J. Eq. 61,* here the court says:

"A dispute over a two-inch encroachment would ordinarily seem trifling, but the materiality of the present encroachment is emphasized by the contract, to convey, by metes and bounds, the two-inch strip free of encroachment."

This case also differs from one in which the land sought to be conveyed itself encroaches on adjoining property. *Goldstein* v. *Ehrlick, 96 N. J. Eq. 52.*

I shall advise a decree for specific performance, allowing to the defendants an abatement for the proportion of the land covered by the encroachment, even though it be a nominal amount. Taking the maximum figures of the surveyors as to the square feet in the encroachment namely, two-twenty-two-one-hundredths square feet, the proportionate value of this area would be something under $30 which sum is fixed as the amount of the abatement.