Petitioner, Joseph O'Donnell, seeks the return of $21,000 which he and his assignor heretofore paid to the receivers of the insolvent defendant corporation as a deposit on account of the purchase price of its assets whereof he was declared to be the successful bidder. *Page 440 
These assets consisted of a large tract of land adjoining the State Highway route No. 4, in the borough of Paramus, the buildings thereon, as well as all of the equipment therein; all of which were formerly used by the defunct company in connection with the conduct of the printing, developing, coloring and processing of motion picture films business in which it was engaged.
The basis of the present application for the return of the deposit money is the asserted receivers' inability to convey the lands in question "free and clear of all liens and encumbrances," as was expressly stipulated in the written offer therefor submitted to and accepted by the receivers, because of the undisputed existence of slope rights in favor of the State of New Jersey and subject to which the receivers, of necessity, held the title to the lands in question. In this respect, the case at bar is clearly distinguishable, and must be distinguished, fromBigley Bros., Inc., v. Harrison Beverage Co., 117 N.J. Eq. 607,
and cases of similar effect wherein the relief sought was predicated upon the inability or unwillingness on the part of theofferer, rather than, as here, on the part of the receiver, to comply with the terms of the offer as submitted and accepted.
An encumbrance has been defined and held to be any right to or interest in an estate to the diminution of its value (Bier v.Walbaum, 102 N.J. Law 368; 131 Atl. Rep. 88) or anything that impairs the use or transfer of, or burdens the title to, such estate. Vassar Holding Co. v. Wuensch, 100 N.J. Eq. 147;135 Atl. Rep. 88. Appraised in the light of this definition, the slope rights existing in favor of the State of New Jersey unquestionably constitute and are an encumbrance upon the lands in question.
Notwithstanding this, however, it is contended, upon the authority of Campbell v. Parker, 59 N.J. Eq. 342, that inasmuch as the doctrine of "caveat emptor" is applicable to judicial sales of land in this state, the relief here sought should be denied. Aside from its distinguishability upon the facts from the case at bar, it is, indeed, fairly arguable as to whether the principle enunciated in that case, excepting as to instances of mere defects in advertising (Craig v. Smith, 84 *Page 441 N.J. Eq. 593), has not now been nullified and abolished by the provisions of chapter 144, P.L. 1906 p. 269, and the decision in Umbach v. Umbach, 82 N.J. Eq. 427. Be that as it may, and no opinion need be, and is not, here expressed with respect thereto, the application of the doctrine of Campbell v.Parker, supra, must be limited to those cases wherein the contract of sale is devoid of a covenant on the part of the vendor to deliver the property free and clear of encumbrances
as was the fact there, and as is not the fact in the case at bar; where, by express stipulation, the receivers are required to convey the property free and clear of all liens andencumbrances. Accordingly the case at bar is rather to be governed by the principles of Herring v. Esposito, 94 N.J. Eq. 348; 119 Atl. Rep. 765; Wyatt v. Bergen, 98 N.J. Eq. 502;130 Atl. Rep. 595; affirmed, 98 N.J. Eq. 738; 130 Atl. Rep. 597;Jawitz v. Caldwell Investment Co., 103 N.J. Eq. 61;142 Atl. Rep. 181, and cases of like effect, wherein cases devoid of specific covenants against encroachments were referred to and expressly distinguished. See Harrington Co. v. Kadrey,105 N.J. Eq. 389; 148 Atl. Rep. 3.
Viewed in the light of the foregoing, it was incumbent upon the receivers, under the express provisions of the accepted offer, to convey the premises in question free and clear of the state's slope rights. This they were, and are, not legally able to do. In the absence of any fraud or imposition on the part of the offerer, of which no claim is here made, this court cannot compel him to accept and pay for something different than that which he bid for and the receivers agreed to give him. To do so would not only be to effect a vital change in their agreement but to make a new and different one for them, to do which this court is without power. *Page 442