Max Markowitz, complainant-appellant,

*v.*

Rosa Berg et al., defendants-respondents.

[Submitted October term, 1939.   Decided January 25th, 1940.]

*Mr. Samuel Koestler,* for the appellant.

*Mr. Sidney Berg* (*Mr. David S. Forman,* of counsel), for the respondents.

*Mr. James A. Lynch, Jr.* (*Mr. Dudley J. Sholten, Mr. Clarence M. Condon* and *Mr. John B. Murphy,* of counsel), for the Home Owners' Loan Corporation, *amicus curiæ.*

The opinion of the court was delivered by

HEHER, J.

We adopt without reservation the views of the learned vice-chancellor (a) that the mortgage in suit, if made without the knowledge of the Home Owners' Loan Corporation, contravenes the fundamental policy of the Home Owners' Loan act (*12 U. S. C. A. §§ 1461 et seq.*) and the rules and regulations formulated in pursuance of the authority thereby granted (it seems to be conceded that these rules and regulations have the force of law), and is therefore void, and (b) that such knowledge as Epstein, the "fee attorney," had of the existence of the mortgage, or of the intention of the home owner thus to assume payment of part of the judgment debt so agreed to be canceled, is not imputable to the Corporation.

But these conclusions proceed from the hypothesis that the judgment creditor had bound himself to accept the Corporation's bonds in the aggregate sum of $200, in full satisfaction of his claim against the home owner under the judgment, and to release the lands from the lien thereof, and to enter into a covenant not to "proceed on the judgment as against" the home owner; and this question is not discussed in the opinion.

There is no occasion to determine whether the attorney upon the record of the judgment was vested with authority, on the judgment creditor's behalf, to enter into the agreement to settle the judgment debt upon the stated terms. He presumed to do this by letter dated December 29th, 1934; and the evidence tends to show that, although the judgment credi-

tor learned of his action some time during the following month, and repudiated it, notice of such repudiation was not given to the Home Owners' Loan Corporation (it is frankly conceded that this course was not pursued because it was not deemed necessary), and the Corporation consummated the loan on January 2d, 1935, unaware of the judgment creditor's repudiation of the agreement thus made with it on his behalf by his attorney of record, and of his exaction of the mortgage in suit in payment of a portion of the judgment debt so agreed to be canceled.

In such circumstances, appellant is precluded by estoppel *in pais* from now asserting the validity of the mortgage taken in violation of the policy of the Home Owners' Loan act. It is a corollary of the considerations of public policy adverted to that he was under a duty to advise the Home Owners' Loan Corporation of his disavowal of the agreement thus presumed to have been made on his behalf with the Corporation. He knew that, in the absence of such notice, the Corporation would consummate the loan on the supposition that the judgment debt would be in fact deemed satisfied in accordance with the agreement and that no part of the balance would continue as a lien against the lands in the form of a subsequent mortgage. His ignorance of his obligation does not serve to excuse him from the consequences of his inaction.

In this situation, there is an estoppel to deny agency. *2 C. J. S. 1063 et seq.* While the silence of a purported principal may not indicate his affirmance, his failure to manifest a repudiation may subject him to liability to one who, as he knows, is acting in the belief that there has been authorization or ratification. If a person knows or has reason to know that another has been deceived by the act of the purported agent, and is likely to act upon his erroneous belief, he must, to avoid liability, take such steps to undeceive the third person as would be taken by a reasonable person having ordinary regard for the interests of others. *A. L. I., Agency, §§ 94d, 103c.* See, also, *Frank v. Board of Education of Jersey City, 90 N. J. Law 273.*

Decree affirmed.

*For reversal*—CASE, DONGES, JJ. 2.