The remedy of specific performance of a contract for the sale of land is not a form of redress to which a suitor is entitled as a positive right ex debito justitiae. The award or denial of such relief rests within the sound discretion of the court.Kelleher v. Bragg, 96 N.J. Eq. 25; 124 Atl. Rep. 530;affirmed, 97 N.J. Eq. 547; 128 Atl. Rep. 921.
This discretionary power is not exercised as a general rule in favor of a suitor unless it is evident that such party has been ready, desirous, prompt and eager to fulfill and perform *Page 448 
his or her obligations under the terms of the contract.Meidling v. Trefz, 48 N.J. Eq. 638; 23 Atl. Rep. 824; Pyatt
v. Lyons, 51 N.J. Eq. 308; 27 Atl. Rep. 934; Vacca v. Wilkens,108 N.J. Eq. 331; 154 Atl. Rep. 842; New York Joint Stock LandBank v. Tomarchio, 117 N.J. Eq. 435; 176 Atl. Rep. 133;Vandermade v. Appert, 125 N.J. Eq. 366; 5 Atl. Rep. 2d868.
There is no consideration of equity to impel the court to grant specific performance to a complainant who has endeavored to repudiate and obstruct the performance of the contract and has since found it expedient to recant. B. Holding Co. v. Du Bois,100 N.J. Eq. 424; 136 Atl. Rep. 518; 2 A.L.R. 416.
These established rules when applied to the factual circumstances of the present cause tend to defeat the overture of the complainant that the contract now be specifically performed.
The contract was executed on September 9th, 1943. It obliged the complainant to sell and the defendants to purchase on or before September 15th, 1943, or upon the completion of an examination of the titles, a farm situate in the Township of East Brunswick in Middlesex County, together with certain designated live stock and chattels. The stipulated consideration was a purchase price of $6,900, of which $500 was paid by the vendees at the execution of the agreement, $3,000 was payable upon the delivery of the deed and bill of sale, and the following paragraph of the contract relates to the manner by which the balance of $3,400 was to be discharged:
"3. At present there is a mortgage in the sum of $3,400.00 against this premises, which is held by Joseph Janika of New Brunswick. New Jersey. It is indicated now that this said mortgage is to be renewed in like sum, that is for $3,400.00, for three years, and at the rate of 5% interest per annum. That the parties of the second part shall execute the Bond and Mortgage for this new mortgage."
The mortgagee is the brother of the complainant, and the defendants supposed from the assurances of the complainant that the brother would extend the maturity date of his mortgage lien for a period of three years at the stated interest *Page 449 
rate, or accept a new bond and mortgage from the defendants to effectuate the same object. Upon receiving notice from the attorney that the abstract of title and other preliminaries had been completed, the parties at his request assembled at his office on September 27th, 1943, at which time the defendants were prepared to discharge their obligations in conformity with the terms of the contract. The mortgagee was not present, and although he was interviewed at his place of employment located about three blocks from the office of the attorney, he declined to participate in the consummation of the sale as contemplated and withheld his consent to renew the mortgage debt.
The situation becomes quite transparent in the light of the occurrences on the preceding day. The farm was under cultivation, and the defendants were naturally interested in the preservation and diligent harvesting of the crops which they expected so promptly to acquire. It is significant that the contract accorded them the usufruct of the property after September 15th, 1943. On the day preceding the date fixed for the performance of the contract, the defendants entered upon the farm to husk some corn. A son of the complainant who had returned on furlough from service in the Navy emphatically announced to the defendants in the presence of the complainant that the farm would not be sold. He enjoined the defendants to immediately leave the premises or he would forcibly eject them. He also forecast his intention to "beat up" the real estate broker who had negotiated the proposed sale.
I am persuaded by the evidence that the complainant was disinclined to sell and convey the chattels and the farm on the date appointed for the passing of titles. Her disinclination arose from the dissuasive advice of her son, who vehemently objected to a sale of the farm. Another reason exposed by the evidence was her inability to obtain at a moderate rental other quarters in which to reside. She acknowledges that she had not made any preparation to enable her to surrender possession of the premises.
The complainant's brother, whose testimony was exceedingly unimpressive, testified that he had always been willing *Page 450 
to extend or renew the mortgage. In that particular, his statement seems to me to be implausible. His course of conduct has paralleled that of his sister, the complainant.
In summary, the defendants immediately elected to rescind the contract in consequence of the default of the complainant. They rejected a subsequent offer of the complainant to complete the sale, and they instituted an action at law to recover from the complainant the down-payment and incidental expenses. It seems apparent that the institution of the action at law induced the complainant to file the present bill for specific performance.
The propriety of granting a decree of specific performance in the circumstances of the instant case is not adequately and clearly established.
It is not inappropriate to advert to another impediment. The complainant's brother is not obligated contractually or otherwise to extend or renew the lien he had or now has on the property described in the contract. He is not a party to this cause, and accordingly this court cannot by any decree in the cause compel him to perform an act, the execution of which is a necessary concomitant in the completion of the conveyance. Decrees that can in the final result be rendered nugatory at the free and unrestricted will of some unassociated individual should not be made. Patterson v. J.D. Loizeaux Lumber Co., 93 N.J. Eq. 446;116 Atl. Rep. 697; Fiedler, Inc., v. Coast Finance Co., Inc.,129 N.J. Eq. 161, 168; 18 Atl. Rep. 2d 268; 4 Pom. Eq.Jur. (5th ed.) 1048 § 1405-b.
The prayer of the bill will be denied. The defendants have interposed a counter-claim for their down-money and search fees. The amounts were stipulated and will be awarded to the defendants. Commercial Trust Company of New Jersey v. Zunni,108 N.J. Eq. 435; 155 Atl. Rep. 456; affirmed, 110 N.J. Eq. 569;160 Atl. Rep. 634; Vandermade v. Appert, supra.
A decree will be advised accordingly. *Page 451