The complainants, as vendors, prosecute the present cause to obtain a decree obliging the defendant, as vendee, to consummate the purchase of a tract of land situate in the Borough of North Plainfield, Somerset County, in fulfillment of the terms of a contract executed by the parties on December 24th, 1946.
The controversial issues circulate around two so-called warranties embodied in the contract which read as follows:
"The sellers herein hereby warrant to the purchaser that there is a minimum of 175 feet frontage along State Highway No. 29 extending from the westerly end of the guard rail on the bridge over Stony Brook to the westerly side line of the property herein agreed to be conveyed.
 * * * * * * *
"The sellers herein hereby warrant to the purchaser that the premises herein agreed to be conveyed are presently within the business or commercial zone under the Zoning Ordinance of the Borough of North Plainfield and in the event that such is not a fact, the sellers agree to immediately institute the necessary proceedings to have said property placed within the business or commercial zone or refund the deposit herein paid together with the necessary expenses incurred by the purchaser at the option of the purchaser. In the event of a refusal by the proper authorities of the Borough of North Plainfield to place said premises within the business or commercial zone, the deposit herein paid together with the necessary expenses in searching the title and obtaining survey shall be repaid to the purchaser."
Subsequent to the execution of the agreement it was ascertained that the tract of land contracted to be conveyed had *Page 510 
a frontage of 168 feet instead of 175 feet on State Highway No. 29 and that not all of the tract was within the business or commercial zone as then established by the borough ordinance.
Although February 1st, 1947, was designated as the date for the transmission of the legal title, yet that date was expressly made contingent upon the completion of a survey and manifestly the time for performance was not intended to be an imperative element of the contract.
Mr. Philip H. Moskovitz, a member of the bar, having negotiated the sale, undertook, as commonly occurs, to render such incidental services as might be required to conclude the transaction in accordance with its terms. It is noticeable that a span of time elapsed after the execution of the agreement during which I infer a survey, an examination of the record title, and appropriate inquiries were in progress. The fact is that having learned that the tract was not entirely located within the business or commercial zone, Mr. Moskovitz on March 20th, 1947, caused a petition to be signed by the complainants and presented to the municipal authorities requesting an enlargement of the business or commercial zone to embrace the entire tract. In that pursuit I have no reason to doubt that Mr. Moskovitz was acting on behalf of the complainants. On March 24th, 1947, Mr. Moskovitz dispatched a letter by registered mail to the complainants in which he informed them that "my client," the defendant herein, has exercised his option to rescind the contract of sale in that the property was not in fact within the specified zones and that the return of the down payment and reimbursement for expenses are demanded. In a letter dated March 31st, 1947, Mr. Moskovitz forewarns the complainants that continued delay in the settlement, viz., return of purchase price with expenses, would result in legal action.
On April 5th, 1947, the attorney addressed an additional communication to the complainants in which, inter alia, he stated: "I herewith beg to notify you that in addition to the breach of warranty as set forth in the notice sent to you under date of March 24th, 1947, * * * my client further claims the return of said deposit monies plus the necessary *Page 511 
expenses upon the ground that" there is not "a minimum of 175 feet frontage along State Highway No. 29 * * *."
On May 9th, 1947, the municipal authorities acted favorably upon the petition presented to them by the complainants and on May 17th, 1947, notice of such action was imparted to the defendant by the complainants and the complainants requested that the performance of the contract be accomplished on June 6th, 1947. However, on May 22d 1947, the defendant instituted an action at law to recover from the complainants the initial payment and compensatory damages. The bill in this cause was filed on June 19th, 1947, and the defendant's demand is reasserted here by way of counter-claim. The foregoing is a chronological narrative of the material and significant events.
I shall comment upon the two paragraphs of the contract in the inverse order in which they are hereinbefore set forth.
The construction of the provision relative to the zonal location of the property does not seem to me to be perplexing. A transposition of the last phrase of the first sentence renders its meaning perfectly distinct and intelligible, sic, "* * *at the option of the purchaser, the sellers agree to immediately institute the necessary proceedings to have said property placed within the business or commercial zone or
refund the deposit herein paid together with the necessary expenses incurred by the purchaser." The concluding sentence of the provision relates to the eventuality wherein the purchaser elects to have the sellers inaugurate the proceedings and the proceedings are unsuccessful.
And so it follows that if the premises were not "presently within the business or commercial zone," an option was available to the purchaser. In which direction did he exercise it? As I recall the evidence, there is an absence or even circumstantially, a paucity of proof indicating that the defendant himself was soon aware of the fact that the premises were not within the specified zonal area and that he nevertheless resolved to accord to the complainants the opportunity to inaugurate the corrective proceedings, unless it is sought to be derived from the action taken to that end by Mr. Moskovitz.
The situation in the latter regard exhibits the complications *Page 512 
likely to arise when one undertakes to serve two masters. Due regard for the independent rights of parties would cause me to hesitate in declaring that an attorney who undertakes to represent the interests of both contracting parties, in acting in some particular solely on behalf of the one extinguishes the rights of the other by way of an accredited acquiescence, waiver or estoppel. The answer is that an attorney cannot waive or surrender the substantial rights of his client without the latter's consent. Howe v. Lawrence, 22 N.J. Law 99; Phillips
v. Pullen, 50 N.J. Law 439; 14 Atl. Rep. 222; Faughnan v.Elizabeth, 58 N.J. Law 309; 33 Atl. Rep. 212; Watts v.Frenche, 19 N.J. Eq. 407; Dickerson v. Hodges, 43 N.J. Eq. 45;10 Atl. Rep. 111; Trenton Street Railway Co. v. Lawlor, 74 N.J. Eq. 828; 71 Atl. Rep. 234; Strauss v. Rabe, 97 N.J. Eq. 208;127 Atl. Rep. 188; affirmed, 98 N.J. Eq. 700;130 Atl. Rep. 920; In re Koehler, 102 N.J. Eq. 133; 140 Atl. Rep. 15; Norton
v. Miller, 138 N.J. Eq. 235; 47 Atl. Rep. 2d 738;
affirmed, 139 N.J. Eq. 310; 50 Atl. Rep. 2d 895.
"While the silence of a purported principal may not indicate his affirmance, his failure to manifest a repudiation may subject him to liability to one who, as he knows, is acting in the belief that there has been authorization or ratification." Markowitz
v. Berg, 127 N.J. Eq. 90; 11 Atl. Rep. 2d 107; F.S.T.Corp. v. Onorato, 139 N.J. Eq. 195; 50 Atl. Rep. 2d 467.
In the present cause it is observed that the action initiated on March 20th, 1947, by Mr. Moskovitz on behalf of the complainants was promptly repudiated by the defendant, who directed him to forthwith announce to the complainants the rescission of the contract. This he did on March 24th, 1947. It seems unlikely that the defendant acquiesced in the movement on March 20th, 1947, and so promptly repudiated it on March 24th, 1947. The choice of alternative courses was not invested in the vendors but in the vendee.
I am not unmindful of our numerous decisions which hold that where time is not of the essence, it is sufficient if the vendor is able to perform at the time of the decree, but such adjudications apply only where there has been no lawful rescission of the contract. *Page 513 
Moreover, it is acknowledged that the enclosure does not have a foreground of 175 feet adjacent to the highway, although a sign erected and maintained upon the premises by the complainants also represented the highway frontage to be 175 feet. We are becoming accustomed to slight exaggeration in advertisements, but our courts have not yet condemned the privilege of purchasers to rely upon them. The exaggerations, of course, become unimportant where the purchaser was not particularly interested in acquiring an exact frontage and probably intended to purchase the area over which he had taken an ocular panoramic view. Van Blarcom v.Hopkins, 63 N.J. Eq. 466; 52 Atl. Rep. 147. See, also, Straus
v. Norris, 78 N.J. Eq. 488; 79 Atl. Rep. 611; Harrington Co. v.Kadrey, 105 N.J. Eq. 389; 148 Atl. Rep. 3 (in which the contract did not specify the number of feet frontage); Pozzi v.Shenier, 110 N.J. Eq. 167; 159 Atl. Rep. 396 (in which the contract contained no express covenant).
The eminent and egregious circumstance in the present case is that the complainants as vendors expressly warranted that the premises had a minimum frontage of 175 feet on the highway. The deficiency, in the absence of an express covenant, might in a proper case be compensated for by an abatement in the purchase price, which is an equity not here invoked. Vide, Wyatt v.Bergen, 98 N.J. Eq. 502; 130 Atl. Rep. 595; affirmed, 98 N.J. Eq. 738; 130 Atl. Rep. 597. In the contract at hand, there is an express stipulation and representation which I am obliged to infer was purposefully inserted in the contract. Cf. Jawitz v.Caldwell Investment Co., 103 N.J. Eq. 61; 142 Atl. Rep. 181;Minez v. Kromocolor, Inc., 125 N.J. Eq. 439; 7 Atl. Rep.
2d 404. To disregard an express fundamental and material provision of the agreement would be nothing less than arbitrarily originating a different contract to which the parties have not assented. Herring v. Esposito, 94 N.J. Eq. 348;119 Atl. Rep. 765. True, a description by metes and bounds will ordinarily qualify a general statement of the quantity of the land, but not so, where a contrary intention is apparent. Here, there is a definite warranty in respect of the length of the frontage line. *Page 514 
I attribute little, if any, significance to the perceptible tardiness of the defendant in complaining of the insufficiency of the frontage because I am not informed of the time at which he became cognizant of it. The discoveries of Mr. Moskovitz evidently constituted the source from which the defendant drew his information. The fair inference deducible from the evidence is that the defendant acted with reasonable promptness in the assertion of his legitimate contractual rights. Assuredly there is an inadequacy of evidence to prove a waiver.
The remedy of specific performance of a contract for the sale of land is not a form of redress to which a suitor is entitled as a positive right ex debito justitiae. The award or denial of such relief resides within the sound discretion of this court.Kelleher v. Bragg, 96 N.J. Eq. 25; 124 Atl. Rep. 530;
affirmed, 97 N.J. Eq. 547; 128 Atl. Rep. 921; Mayo v.Borovsky, 135 N.J. Eq. 447; 39 Atl. Rep. 2d 232.
The right to such a type of equitable relief must be more than dim. It must be distinct. Equity endeavors to be alert to prevent a party from evading a contractual obligation merely because such a party has changed his mind. Yet equity cannot compel a party to perform a renovated and remodeled agreement into which he has never voluntarily entered. Volk v. Atlantic Acceptance andRealty Co., 139 N.J. Eq. 171; 50 Atl. Rep. 2d 488;
affirmed, 141 N.J. Eq. 364; 57 Atl. Rep. 2d 365.
A decree in favor of the complainants directing the specific performance of the contract will be denied. The defendant, in pursuance of his counter-claim, is entitled to a decree awarding him a return of his down payment, together with his "necessary expenses" as incidental to a complete disposition of the entire cause. Middlesex Concrete P. E. Co. v. Northern StatesImprovement Co., 129 N.J. Eq. 314; 19 Atl. Rep. 2d 48;Mantell v. International Plastic Harmonica Corp., 141 N.J. Eq. 379,393; Pom. Eq. Jur. (5th ed.) §§ 181, 231-242. I would suppose that the parties could agree upon the amount of the expenses; if not, a reference will follow. *Page 515