32 N.J. Super. 486 (1954)
108 A.2d 448
HARRISON L. VOGEL AND TERESA J. VOGEL, PLAINTIFFS-APPELLANTS,
v.
MORTIMER A. ROGERS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1954.
Decided October 20, 1954.
*487 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Joseph Coult argued the cause for the plaintiffs-appellants (Messrs. Coult & Schoenholz, attorneys).
Mr. Walter T. Wittman argued the cause for the defendant-respondent (Mr. David B. Follender, attorney).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The question raised by this appeal is whether the court erred in granting summary judgment in favor of the defendant-purchaser, dismissing plaintiffs' complaint for specific performance of an agreement for the sale of land and directing return of deposit and allowing incidental items of expense on defendant's counterclaim. A prior motion of plaintiffs for summary judgment was denied.
The judgment of dismissal was entered pursuant to the Chancery Judge's determination as expressed in the following letter opinion:
"This matter is now before me on a motion for summary judgment for the defendant. The facts are not in dispute.
The plaintiff made time of the essence of the contract. At the time fixed in the notice there existed an encroachment and the defendant *488 rejected the title. Defendant's motion for summary judgment must prevail. Wyatt v. Bergen, 98 N.J. Eq. 502 (Ch. 1925), affirmed 98 N.J. Eq. 738 (E. & A. 1925)."
The agreement between the parties was for the sale of property located in the Borough of Fair Lawn, on which a 12-room residence was erected, for the sum of $18,000. The contract required the plaintiffs to convey title by warranty deed, free from all encumbrances and encroachments. As the result of defendant's search of the title and survey of the property, he discovered that a 1,000-gallon fuel tank, constituting a part of the heating apparatus of the premises, was not located within the boundary lines of the premises to be conveyed. It was on an adjoining piece of ground owned by the plaintiffs.
It is conceded that the fuel lines of the tank ran underground from the adjacent property on which the 1,000-gallon tank is located, across the property line, into the foundation walls of the building and were connected with a valve to the heating unit in the building. In defendant's affidavit, he stated that on several occasions he had demanded that the plaintiffs move the 1,000-gallon tank so as to put it within the property lines, and although the plaintiffs agreed to do so, it was never done.
On October 10, 1953 the plaintiffs made time of the essence of the contract and fixed October 26, 1953 as the closing date. The defendant rejected the title because of the encroachment of the 1,000-gallon fuel tank and the underground fuel lines.
Thereupon, the plaintiffs instituted this action for specific performance and the defendant answered and counterclaimed seeking the return of his deposit, and incidental items of expense in connection with its search of the title, survey fees and reasonable attorney's fees.
Plaintiffs' affidavit stated that on April 22, 1954 they had removed the encroachment by disconnecting the valve from the 1,000-gallon tank and by taking out the fuel lines from the foundation of the house to the burner. However, the 1,000-gallon tank remained on the adjoining property and *489 the fuel lines running from it across the property line to the foundation wall were left in the same condition as they were on October 26, 1953.
The appellants point out that defendant did not appear at the time and place fixed for settlement; that if he had appeared, they could have satisfied the defendant and furnished a written instrument whereby they could have granted the defendant the right to perpetually maintain the tank and fuel lines on the plaintiffs' adjoining land. However, they concede that such an instrument had not been prepared in advance of the settlement date. Nor had they at any time prior thereto informed the defendant either orally or in writing that they would be willing to execute and deliver such an easement.
It clearly appears that the tank and fuel lines constituted such an encroachment as warranted the defendant's refusal to perform under the terms of the agreement. The plaintiffs themselves had fixed the specific date for settlement and in their letter notifying the defendant thereof, stated:
"The sellers hereby make time of the essence of the aforesaid contract and require that you perform this contract on or before the 26th day of October, 1953. Unless you are ready to close on or before that date the sellers will hold you responsible to them in damages for your failure to perform or avail themselves of such other remedy as the law allows."
But, as stated, they had not at any time prior to or at the settlement date, removed the encroachment.
The case of Wyatt v. Bergen, supra, cited by the court, is apposite to the present matter and controlling. In that case, the plaintiffs, executors for the deceased vendor, filed a bill to compel the defendant purchaser to specifically perform a contract which contained a clause in which the vendor covenanted against encumbrances. The defendant counterclaimed for the return of his deposit monies, search and survey fees. Time was not made of the essence in the contract. After the date set for the closing in the contract had passed, the plaintiffs wrote to the defendant making *490 time of the essence, but the defendant rejected the title on the grounds that it was encumbered by an encroachment. Title did not close on the date set by the plaintiffs. The plaintiffs then undertook to have the encroachment removed. When the encroachment was removed, they advised the defendant that they were ready to deliver a deed at a time to be fixed. The defendant refused to entertain the proposition, standing on his prior rejection. The court held that the bill should be dismissed and that the defendant was entitled to the return of his deposit monies, together with search and survey fees as demanded in the counterclaim, stating the law to be as follows:
"* * * Where the encroachment is slight, the court might decree specific performance with an abatement of the purchase price (Scheinman v. Bloch, 97 N.J.L. 404, 117 A. 389, affirmed 98 N.J.L. 571; Doherty v. Egan Waste Co., 91 N.J. Eq. 400, 406, 111 A. 499); yet, where the contract contained a covenant that there were no encroachments, the rule seems to be otherwise. * * *"
In the case of Genetelli v. Percudani, 142 N.J. Eq. 735 (E. & A. 1948), the former Court of Errors and Appeals unanimously reversed a final decree of the Court of Chancery, dismissing a bill filed by a purchaser to rescind the contract and for the recovery of deposit monies and search fees, Judge Schettino, speaking for the Court, stating:
"We think it thoroughly settled in our State that where the contract contains a covenant against encroachments, the existence of an encroachment constitutes a breach of the covenant, even though the encroachment be so slight that in the absence of the covenant equity would compel specific performance."
Vide Herring v. Esposito, 94 N.J. Eq. 348 (Ch. 1923); Kohoot v. Gurbisz, 101 N.J. Eq. 757 (E. & A. 1927); Jawitz v. Caldwell Investment Co., 103 N.J. Eq. 61 (Ch. 1928); Harrington Co. v. Kadrey, 105 N.J. Eq. 389 (Ch. 1929); Pozzi v. Shenier, 110 N.J. Eq. 167 (Ch. 1932); Korb v. Spray Beach Hotel Co., 19 N.J. Super. 226 (Law Div. 1952), affirmed on opinion of Law Division 24 N.J. *491 Super. 151 (App. Div. 1952); LaSalle v. LaPointe, 14 N.J. 476 (1954); 57 A.L.R. 1443-1451, Marketable Title, and collation of cases in footnotes.
Judgment affirmed.