NEW YORK JOINT STOCK LAND BANK OF ROCHESTER, complainant-appellant,

*v.*

ANGELO TOMARCHIO, defendant-respondent.

[Submitted October term, 1934. Decided January 10th, 1935.]

*Mr. George M. Hillman* and *Mr. Richard B. Eckman,* for the appellant.

*Mr. Carl Kisselman* and *Mr. Harry M. Mendell,* for the respondent.

PER CURIAM.

This is complainant's appeal from a decree of the court of chancery, advised by Vice-Chancellor Davis, dismissing the complainant's bill which prayed for specific performance of an agreement for the sale of land.

The agreement was executed February 25th, 1933, and provided for the transfer of the property on or before July 1st, 1933. The complainant was not ready to make the transfer until October 3d, 1933.

The vice-chancellor found that while time was not made of the essence of the contract by the terms thereof, yet the facts and circumstances of the case established that time did become of the essence, and that it became an important factor for the defendant, and that the complainant having neglected to carry out its plain duty under the contract was not in a position to come into the court of chancery and ask for the enforcement of the contract when the defendant, through no fault of his own but through the neglect of complainant had been rendered incapable of performing his part of the contract.

The law is well settled in this state that a bill for specific performance is addressed to the extraordinary jurisdiction of a court of equity to be exercised according to its discretion. *Meidling* v. *Trefz, 48 N. J. Eq. 638.*

The remedy of specific performance rests within the sound discretion of the court, and should not be granted unless the right thereto is clearly and conclusively established by the party seeking it. *Vacca* v. *Wilkens, 108 N. J. Eq. 331; Kelleher* v. *Bragg, 96 N. J. Eq. 25; affirmed, 97 N. J. Eq. 547.*

A careful examination of the evidence convinces us that the facts fully justified the vice-chancellor in concluding that the complainant was not entitled to relief by specific performance.

The decree under review is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.  12.

*For reversal*—HEHER, J.  1.