Rose C. Genetelli, complainant-appellant,

. *v.*

Neil Percudani, Anna Percudani, Marie Curry, An-
thony Moglia, Ida Moglia, Irene Raffo, Serafina
Del Rocchi, Otto Kuhlendahl and Fanny Kuhlen-
dahl, defendants-respondents.

[Submitted May 28th, 1948.   Decided September 3d, 1948.]

Mr. *H. David Zerman,* for the complainant-appellant.

Mr. *Max A. Sturm,* for the defendants-respondents Otto
Kuhlendahl and Fanny Kuhlendahl.

*Messrs. Burke, Sheridan & Hourigan (Mr. William F. Burke)*, for the remaining defendants-respondents.

The opinion of the court was delivered by

SCHETTINO, J.

This is an appeal from a final decree of the Court of Chancery dismissing a bill filed by a contract purchaser to rescind the contract and to impress a lien for deposit moneys and search fees.

On February 9th, 1947, complainant contracted to purchase certain real property from the defendants, Percudani, Curry, Moglia, Raffo and Del Rocchi. The agreed purchase price was $10,500. The sum of $500 was paid on the execution of the contract and the balance was to be paid on delivery of a warranty deed free from all encumbrances. The date for closing fixed in the contract was March 1st, 1947. Subsequently both the purchaser and the sellers fixed March 28th, 1947, as the date for closing and declared time to be of the essence. Title was not closed because of a controversy over an alleged encumbrance and an encroachment.

On April 18th, 1947, the contract was recorded. The property was sold on May 28th, 1947, to the defendants Kuhlendahl, who admit purchasing the property with knowledge of complainant's contract. These defendants do not suggest any defense other than the ones relied upon by the sellers.

Complainant's investigation disclosed two situations which complainant deemed violative of the contract.

The first related to a mortgage in the sum of $3,000 given on May 1st, 1907, by the then owners of the property to Peter and Adelena Meyerdierch. By an assignment recorded on November 23d, 1907, the mortgagees assigned the mortgage to Joseph Menzel and Bertha Menzel, his wife. On July 2d, 1909, the mortgage was cancelled of record on a receipt for cancellation executed by Alex J. Schem as attorney for Joseph Menzel. Complainant's attorney took the position that the interest of Bertha Menzel in the mortgage remained open of record and insisted upon its cancellation.

The second situation was an encroachment upon the lands in question by a building upon the adjoining property. Apparently the foundation of the neighboring structure does not encroach, but the eaves do to the extent of 2 to 2⅝ inches. The contract provided:

."It is understood and agreed that the buildings upon said premises are all within the boundary lines of the property as described in the deed therefor, and that there are no encroachments thereon."

With respect to the mortgage, the Vice-Chancellor held that payment to one of two mortgagees constitutes payment to both, and further that the fact that the sellers held title and possession for 22 years and made no payment on the mortgage during that period, constituted an effective bar to its enforcement.

With respect to the encroachment, the Vice-Chancellor held that it was too slight to constitute a breach of the agreement. We think this ruling erroneous. We feel that this conclusion is dispositive of the appeal and therefore we need not consider the issues raised with respect to the mortgage.

We think it thoroughly settled in our State that where the contract contains a covenant against encroachments, the existence of an encroachment constitutes a breach of the covenant, even though the encroachment be so slight that in the absence of the covenant equity would compel specific performance. *Herring* v. *Esposito* (*Court of Chancery, 1922*), *94 N. J. Eq. 348; Wyatt* v. *Bergen* (*Court of Chancery, 1924*), *98 N. J. Eq. 502;* affirmed (*Court of Errors and Appeals, 1925*), *98 N. J. Eq. 738; Kohoot* v. *Gurbisz* (*Court of Errors and Appeals, 1927*), *101 N. J. Eq. 757; Jawitz* v. *Caldwell Investment Co.* (*Court of Chancery, 1928*), *103 N. J. Eq.·60; Harrington* v. *Kadrey* (*Court of Chancery, 1929*), *105 N. J. Eq. 389; Pozzi* v. *Shenier* (*Court of Chancery, 1932*), *.110 N. J. Eq. 167.* The purpose of the covenant is to avoid the area of dispute in which equity will appraise the significance of an encroachment and grant or deny specific performance accordingly. The parties having themselves drawn a line categorically excluding all encroachments, the courts should not recast the contract and embark upon the very inquiry

which the covenant is designed to preclude. Presumably contracts are drawn in reliance upon the rule of law laid down in the cited cases. If the parties to a transaction desire to limit the scope of a covenant against encumbrances, apt phrasing can be devised.

The defendants contended, and the Vice-Chancellor found, that complainant was estopped to insist upon the stated objections to the title. The facts here pertinent are these. By letter dated February 27th, 1947, the attorney for complainant advised the attorney for the sellers of a number of questions, including the two specifically described above. At about that time, complainant's son, for whose use the premises were intended, visited the property and insisted that possession be available on March 1st, 1947, the date fixed for closing. To that end, one of the sellers vacated part of the premises and claims that in her haste she had to give away some of her furniture. Complainant's son also had the premises examined by an architect preparatory to renovation.

None of the actions of the son was inconsistent with insistence that the title difficulties be cleared before the closing. Moreover, there is no evidence of agency which would make the son's activities chargeable to complainant.

The title questions were being handled by the then attorneys for the parties. While the foregoing events were transpiring both attorneys were endeavoring, without success, to obtain an affidavit from the sellers' predecessor in title with respect to whether he had made any payments to the Menzels. By letter dated March 10th, 1947, complainant's attorney advised the sellers' attorney that he would insist upon the elimination of the objections specified in his letter of February 27th, 1947, and suggested proceedings for the cancellation of the mortgage. By telephone, the sellers' attorney replied that the sellers deemed their title to be good. Thereupon, by letter dated March 17th, 1947, complainant's attorney fixed March 28th, 1947, for closing and specified that time was of the essence. By letter dated March 22d, 1947, the sellers' attorney gave like notice.

It may be that, if the mortgage question had been resolved to the satisfaction of her attorney, complainant would not

have insisted upon compliance with the covenant against encroachments, yet the record is barren of evidence that the right to rescind the contract was waived either explicitly or by unequivocal conduct, and is equally devoid of facts sufficient to constitute an estoppel. This case differs from *Aron* v. *Rialto Realty Co., Inc. (Court of Chancery, 1927)*, *100 N. J. Eq. 513;* affirmed (*Court of Errors and Appeals, 1927*), *102 N. J. Eq. 331,* in the significant fact that there the purchaser stated that title was satisfactory and after time was made of the essence reversed his position at the closing. Here the purchaser gave notice of insistence before time was made of the essence and with opportunity to the sellers to perform the contract. There is nothing in the record to suggest that anything said or done by complainant's attorney led the sellers to assume a position in which their existing obligation to eliminate the breach of the covenant was in anywise enlarged or aggravated. Notwithstanding the mentioned notice, the sellers elected to stand on their view that complainant's objections were frivolous. The sellers failed to carry their burden of proof on the issues of waiver and estoppel.

The decree is reversed, with costs, and the cause is remanded to Chancery for proceedings not inconsistent with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 14.